IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 24 2022
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

UNITED STATES OF AMERICA      PLAINTIFF

v.     NO. 4:22CV 1030-BSM

$185,300.00 IN U.S. CURRENCY      DEFENDANT

## VERIFIED COMPLAINT *IN REM*

The United States of America, by Jonathan D. Ross, the United States Attorney for the Eastern District of Arkansas, and Assistant U.S. Attorneys Cameron C. McCree and Amanda Jegley, for its verified complaint *in rem* against the above-described property, states:

### NATURE OF THE ACTION AND DEFENDANTS *IN REM*

1. This is an action to forfeit to the United States $185,300.00 in U.S. Currency seized during a December 27, 2021 traffic stop ("the Defendant Currency").

2. This action is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action under Title 28, United States Code, Sections 1345 and 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Currency under Title 28, United States Code, Section 1355(b).

5. Venue is proper in the Eastern District of Arkansas under Title 28, United States Code, Sections 1355(b)(1) and 1395 because the property was found in this District.

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

## STATUTORY BASIS FOR FORFEITURE

6. The Defendant Currency is subject to forfeiture under Title 21, United States Code, Section 881(a)(6) because it constitutes (1) money intended to be furnished in exchange for a controlled substance; (2) proceeds traceable to such an exchange; and (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTUAL BASIS FOR FORFEITURE

7. The Arkansas State Police ("State Police") seized the Defendant Currency from Maurice Ooft and Beatrice Lucin during a December 27, 2021, traffic stop.

8. On December 27, 2021, at approximately 9:43 p.m., State Police Corporal Paul Meeks stopped a silver Toyota Corolla after he observed a traffic violation.

9. The traffic violation occurred near the mile marker 87 of Interstate 40 in Pope County, Arkansas.

10. Lucin was driving the Corolla.

11. Ooft was the sole remaining passenger in the Corolla.

12. Corporal Meeks informed Lucin that he stopped because she was following to the vehicle in front of her.

13. Lucin apologized and said it was her first roadtrip.

14. Corporal Meeks asked Lucin for her driver's license, and she complied.

15. Corporal Meeks noticed that the key had a barcode hanging from it, which prompted a question whether the Corolla was a rental.

16. Lucin acknowledged that the vehicle was a rental, and Corporal Meeks requested a copy of the rental agreement.

17. Ooft then told Corporal Meeks that he rented the vehicle.

18. Corporal Meeks then asked for his license as well.

19. The rental agreement showed that Ooft rented the car in Oklahoma City on December 26, 2021 and were to drop it off in Miami on December 31, 2021.

20. Corporal Meeks spoke with Lucin outside of the car and out of the presence of Ooft.

21. Lucin said that she and Ooft were supposed heading to either Miami or New York, but she did not know yet.

22. Lucin said that she was from New York.

23. Lucin said that she and Ooft flew from New York to Oklahoma City.

24. Lucin said that she and Ooft were trying to reconcile.

25. Lucin said that she wanted to go to California, but Ooft wanted to go to Oklahoma.

26. Lucin said that they stayed in Oklahoma for a couple of days.

27. Lucin said that she wanted to go to Florida and that Ooft wanted to go back home to New York.

28. Corporal Meeks pointed out to Lucin that the rental agreement showed that they were going to Florida.

29. Lucin maintained that she was still trying to convince Ooft to go to Florida.

30. Lucin said they chose not to fly because Lucin wanted to travel and get out of the city after working hard.

31. Lucin said that she had to be back at work the following week.

32. Corporal Meeks asked her if she had enough clothes packed to last a week, and she said she did.

33. Corporal Meeks noticed that during the conversation Lucin would either stutter with her answers or had trouble understanding simple questions.

34. Corporal Meeks also noticed that Lucin's body language indicated that she was nervous.

35. Corporal Meeks left Lucin by his unit and went to Corolla to speak with Ooft.

36. Ooft told Corporal Meeks that he and Lucin were on their way to Florida.

37. Ooft did not indicate any uncertainty about the ultimate destination.

38. Ooft also said that they would stop around midnight to get a hotel.

39. By this time, Coporal Meeks discovered that Ooft's license was suspended.

40. When talking about the trip, Ooft told Corporal Meeks that Ooft and Lucin spent two days in Oklahoma.

41. Ooft said that he and Lucin flew to Oklahoma.

42. Ooft said they did not fly back home because they were going to see family and stop in Georgia and other places along their way.

43. Ooft denied having drugs or any other illegal item in his vehicle.

44. Ooft told Corporal Meeks that all clothes were the only thing in the trunk.

45. Corporal Meeks told Ooft because Ooft rented the car, Corporal needed to ask him for consent to search.

46. Ooft declined to consent.

47. Corporal Meeks called for a Russellville Police office canine to assist with the stop.

48. Officer Robert Jacimore responded to that call with his canine partner Vinnie.

49. Vinnie is properly trained and certified to detect the odor of cocaine, methamphetamine, heroin, and MDMA.

50. Vinnie examined the car and gave a positive alert.

51. The positive alert indicating the presence of an odor of cocaine, methamphetamine, heroin, or MDMA.

52. Following the positive alert, Corporal Meeks searched the Corolla.

53. During the search Corporal Meeks located a gray suitcase that had a red backpack.

54. Corporal Meeks searched the red backpack and found a large amount of U.S. Currency.

55. Also uncovered during the search was a gray suitcase with another smaller gray suitcase inside.

56. The smaller suitcase contained miscellaneous toiletries, and under the toiletries there was another large amount of U.S. currency.

57. Corporal Meeks spoke with Lucin and Ooft, and both refused to claim the money.

58. Later, they confirmed their refusal by signing a disclaimer of ownership form.

59. Before signing the form, Lucin and Ooft were told that they were not going to jail and that the form was just a confirmation of what they mentioned on the roadside that the money did not belong to them.

60. Lucin signed her disclaimer form freely and voluntarily.

61. Ooft signed his disclaimer form freely and voluntarily.

62. The disclaimer form Lucin signed is attached to this complaint as Exhibit 1, and the disclaimer that Ooft signed is attached to this complaint as Exhibit 2.

63. Fifth Judicial Drug Task Force Agent Michael Evans used ion swabs to wipe the inside of each bag, the money, and various places on the car.

64. The ion examination showed that the inside of the red backpack and the money found in that bag had detectable amounts of cocaine.

65. Corporal Meeks has been with the Arkansas State Police since 2014; he received his initial training at the State Police Training Academy.

66. Each year, Corporal Meeks receives multiple trainings on drug interdiction.

67. Corporal Meeks also works on the interstate criminal patrol team.

68. Based on his training and experience and the information learned during the stop, Corporal Meeks seized the Defendant Currency.

69. The money was transported to Troop J Headquarters for storage until it could be taken to the bank.

70. Later, the Defendant Currency was taken to Centennial Bank and counted.

71. The bank's count showed that the money was $185,300.00 in U.S. currency.

72. Exhibit 3 to this complaint is a copy of the traffic stop video.

73. The interview of Lucin is attached to this Complaint as Exhibit 4.

74. The interview of Ooft is attached to this Complaint as Exhibit 5.

WHEREFORE, the United States prays that the Court issue an arrest warrant *in rem* as provided by Supplemental Rule G(3)(b), which the United States will execute on the Defendant Currency as provided by Title 28, United States Code, Section 1355(d) and Supplemental Rule G(3)(c); order the Defendant Currency forfeited to the United States; and award to the United States all other proper relief.

JONATHAN D. ROSS
United States Attorney

By: *[signature]*
CAMERON C. McCREE (2007148)
AMANDA JEGLEY (201045)
Assistant U. S. Attorneys
P. O. Box 1229
Little Rock, Arkansas 72203
(501)340-2600
Cameron.McCree@usdoj.gov
Amanda.Jegley@usdoj.gov

## VERIFICATION

I, Jeffrey Alan Jukes, verify and declare under penalty of perjury that (1) I am a Special Agent with Homeland Security Investigations; (2) I have read this verified complaint *in rem* and know its contents; and (3) the matters contained in this verified complaint *in rem* are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are (1) my participation in this investigation, (2) information learned from oral and written reports prepared by other law enforcement officers, and (3) review of physical evidence.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: October 24, 2022.

JEFFREY ALAN JUKES, Special Agent
Homeland Security Investigations

## VOLUNTARY DISCLAIMER OF INTEREST AND OWNERSHIP

State of Arkansas)

County of Pope)

TO WHOM IT MAY CONCERN:
THAT I, _Beatrice Lucia_, hereby disclaim any and all interest I may have in _US Currency_ seized at _12-22-2021 F-4087943_. I further waive the right to plead or answer in any forfeiture action concerning the above referenced property seized from me, on this _22_ day of _Dec_ 2021. I herein waive and disclaim, any and all interests in the property sought to be forfeited, and agree that this cause may be tried and judgment entered without further notice to me.

The undersigned hereby declares that he/she has completely read or has had the above explained to him/her and fully understands and voluntarily accepts the terms contained herein.

_[signature]_
CLAIMANT

_[signature] 552_
WITNESS

_[signature] #1238_
WITNESS

GOVERNMENT EXHIBIT 1

## VOLUNTARY DISCLAIMER OF INTEREST AND OWNERSHIP

State of Arkansas)

County of Pope)

TO WHOM IT MAY CONCERN:

THAT I, Maurice C. Ooft, hereby disclaim any and all interest I may have in US Currency seized at 8> J-4IV 12-22-2021 9:42PM I further waive the right to plead or answer in any forfeiture action concerning the above referenced property seized from me, on this 22 day of Dec 2021. I herein waive and disclaim, any and all interests in the property sought to be forfeited, and agree that this cause may be tried and judgment entered without further notice to me.

The undersigned hereby declares that he/she has completely read or has had the above explained to him/her and fully understands and voluntarily accepts the terms contained herein.

MCOoft
CLAIMANT

_____
WITNESS

_____
WITNESS

GOVERNMENT EXHIBIT 2